PER CURIAM.
Our review of the points on appeal raised by the appellant reveals only one meritorious argument, i.e., appellant’s contention that the trial court erred in awarding certain relief to the appellee which was neither requested by the pleadings nor supported by the evidence.
Appellant’s contention is directed to that portion of the final judgment which is:
ORDERED AND ADJUDGED that MICHAEL J. MICELI give W. W. GIL-MAN the opportunity to sell the property for a net $600,000, and if the property is not sold within six months, that MICHAEL J. MICELI pay to W. W. GIL-MAN that portion of the $60,000 realtor’s commission that would have come to W. W. GILMAN as a listing salesman in Michael Powell’s real estate office. A further hearing of this Court will be held to determine what that percentage would have been if the parties can not agree thereon.
We agree that the relief awarded by the quoted paragraph was beyond the scope of the pleadings and evidence. However, we construe that paragraph as awarding W. W. Gilman a judgment for that part of the $60,000 realtor’s commission that would have ordinarily been paid to him as a listing salesman in Michael Powell’s real estate office had that office sold the real estate that was the subject matter of this litigation.
Since the record does not establish the percentage of the commission that a listing salesman would have been entitled to under these circumstances, that determination must be made by the trial court. Accordingly, we affirm the trial court’s judgment as we have construed it. We remand with *472 directions that the trial court conduct an evidentiary hearing to determine the entitlement of W. W. Gilman in accordance with this opinion and to enter an amended judgment awarding that amount to him.
SCHEB, C. J., and OTT and SCHOON-OVER, JJ., concur.